**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DREMETRA LIPSEY,                              )
                                              )
                    Plaintiff,                )
                                              )
v.                                            )          Case No. 23-1012-EFM-GEB
                                              )
WICHITA POLICE DEPARTMENT,                    )
WENDELL NICHOLSON, in his individual          )
and official capacity, HUSAM A.               )
SHOURBAJI, in his individual and official     )
capacity, ROBERT LAYTON, city manager,        )
in his individual and official capacity, CHRIS )
BEZRUKI, in his individual and official       )
capacity, M. PEREZ, in his individual and     )
official capacity, and D.J. HICKS, in his     )
individual and official capacity.             )
                                              )
                    Defendants.               )
_____ )

<u>**MEMORANDUM & ORDER ON**</u>
<u>**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND**</u>
<u>**REPORT AND RECOMMENDATION FOR DISMISSAL**</u>

Plaintiff filed her federal court Complaint **(ECF No. 1)** on January 30, 2023, and

simultaneously filed a Motion to Proceed without Prepayment of Fees **(ECF No. 3,** *sealed***).**

Plaintiff then filed an Amended Complaint **(ECF No. 9)** on February 28, 2023, and a

Second Amended Complaint **(ECF No. 12)** on March 30, 2023.  For the reasons set forth

herein, the Court **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees

**(ECF No. 3,** *sealed)* but **recommends** dismissal of Plaintiff's case for failure to state a

cause of action and directs service be stayed pending review of the Report and

Recommendation.

## I.      Procedural Background[1]

Plaintiff filed her initial Complaint naming the Wichita Police Department and several individuals as Defendants.  The Complaint alleged violations of her civil rights based upon 42 U.S.C. § 1983 and "Amendments 1, 4, 5, & 14."  The Court was unable to discern the factual nature of Plaintiff's cause of action and, on February 7, 2023, entered an order for Plaintiff to appear and show cause.[2]  Plaintiff then filed an Amended Complaint on February 28, 2023, which reduced the number of individual Defendants and somewhat clarified the facts giving rise to her claims.[3]

On March 6, 2023, the Plaintiff appeared for the show cause hearing, and the Court inquired about the underlying facts of Plaintiff's claims. At that time, Plaintiff clarified Defendant Boyd is not employed by the City of Wichita, rather he is the father of one of Plaintiff's children. Unfortunately, Plaintiff was only able to give the Court limited further insight into the facts of her case.  Plaintiff indicated the actions of Defendants first began in 2015, which include Plaintiff's belief she was "wrongfully pulled over" by unknown officers and later by Defendant Perez with the Wichita Police Department, unknown individuals broke her windows and reprogrammed her key FOB, Defendant Hicks refused to enforce a Protection from Abuse Order, and Defendant Shourbaji refused to serve a

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

[2] ECF No. 7.

[3] ECF No. 9.

Protection from Abuse Order.  As a result of the show cause hearing, the Court gave Plaintiff until March 31, 2023, to file a second amended complaint.[4]

On March 30, 2023, Plaintiff filed her Second Amended Complaint.[5] Plaintiff now names as Defendants: 1) Wichita Police Department, 2) Captain Wendell Nicholson, formerly of the Wichita Police Department, 3) Husam A. Shourbaji, of the Wichita Police Department, 4) Robert Layton, Wichita City Manager, 5) Chris Bezruki, former human resources director, 6) Wichita police officer M. Perez, and 7) Wichita police officer D.J. Hicks.[6] Plaintiff's claims are brought pursuant to: 1) 42 U.S.C. §§ 1981, 1983, and 1985, based upon rights secured by the "First, Fourth, Fifth and Fourteenth Amendments" and 2) "federal law."[7]  Plaintiff also alleges state law claims of defamation, "outrageous conduct," civil conspiracy, tortious interference with employment, and violation of the Kansas Bill of Rights, §§ 1, 3, and 11.[8]

Plaintiff states she is an African-American woman living in Wichita, Kansas.[9] She makes very few specific factual allegations against the individual Defendants and does not allege any of the actions were due to her race or gender.[10] Other than identifying Defendant Nicholson as a retired captain of the Wichita Police Department, Plaintiff does not make any factual allegations against him.[11] Similarly, Plaintiff does not list Kevin Kochenderfer

---

[4] ECF No. 11.
[5] ECF No. 12.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

in her caption as a Defendant, but identifies him in her Complaint as a Defendant and prior captain for the Wichita Police Department.[12] No other factual allegations are made against Mr. Kochenderfer.

She alleges all Defendants refused to investigate criminal complaints she made, and Defendants Layton and Bezruki, specifically, lied "about their knowledge of unlawful incidents" and "took action to protect and/or conceal incidents."[13]

Plaintiff avers Defendant Shourbaji, on the one hand, helped her recover her child and protected she and her child from abuse, while also alleging Defendant Shourbaji refused to investigate Plaintiff's criminal complaints.[14] Similarly, Plaintiff alleges Defendant Hicks refused to arrest an individual who was violating an order of protection by pretending to live with her neighbor.[15]

With regard to Defendant Perez, Plaintiff alleges he wrongfully pulled her over during the summer of 2022.[16]

Plaintiff makes multiple other factual allegations, without identifying whether any of the Defendants took action against her or even alleging the individual taking the action against her worked for the City of Wichita or Wichita Police Department.[17] Finally,

---

[12] ECF No. 12.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Plaintiff claims: 1) someone cloned her cellular telephone while she was incarcerated in a facility, without identify what facility; 2) someone remotely used and erased "her device;" 3) "her devices" were discarded in bodies of water across Kansas by unknown individuals; 4) she was "targeted while driving;" 5) her car and house were searched, and items seized; and 6) someone issued a "false" warrant for her arrest.

Plaintiff makes general allegations and conclusions regarding all Defendants harassing her, retaliating against her, defaming her, violating her freedom of speech, and her rights under the First, Fourth Fifth, and Fourteenth Amendments.

Plaintiff also filed a motion to proceed without prepayment of fees in conjunction with her lawsuit.[18]

## II.   Motion for Leave to Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a), the Court has discretion[19] to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[20] To determine whether a party is eligible to file without prepayment of the fee, the Court reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[21]

The Tenth Circuit Court of Appeals and this Court have liberal policies toward permitting proceedings *in forma pauperis*.[22] After careful review of Plaintiff's financial

---

[18] ECF No. 3, *sealed*.

[19] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 173 F.3d 863, *1 (10th Cir. Apr. 23, 1999)).

[20] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[21] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, *1) (D. Kan. April. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, *1 (D. Kan. July 17, 2000)).

[22] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

resources **(ECF No. 3, *sealed*)**, comparison of Plaintiff's monthly income, and listed monthly expenses, the Court finds she is unable to pay the filing fee.

## III.   Recommendation of Dismissal

When a party seeks to proceed without the prepayment of fees, the *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to screen the party's complaint. Under § 1915, *sua sponte* dismissal of this case is required if the court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[23] After application of these standards, the undersigned Magistrate Judge recommends dismissal.

After a thorough review of the record, the Court finds Plaintiff's Complaint is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Fed. R. Civ. P. 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[24] Because Plaintiff proceeds *pro se*, her pleadings must be liberally construed.[25] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[26] and the Court cannot "take on the

---

[23] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)) (citing language contained in § 1915(d), prior to the statute's amendment in 1996).
[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[25] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[26] *Id*.

responsibility of serving as [her] attorney in constructing arguments and searching the record."[27] Finally, Fed. R. Civ. P. 8 "demands more than naked assertions."[28]

Under Fed. R. Civ. P. 8(a), every complaint must contain three minimal pieces of information: 1) the pleading should contain a short and plain statement of the claim showing Plaintiff is entitled to relief; 2) a short and plain statement of the grounds for the Court's jurisdiction; and 3) a statement of the relief requested. If any of these requirements are absent, even after providing a liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[29] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[30]

### A. Analysis

The Court first considers Wichita Police Department and whether it is a proper party to this case. Wichita Police Department is a subunit of the City of Wichita, and not a separate entity that is subject to suit.[31] As determined by Kansas cases, the general rule is "subordinate government agencies do not have the capacity to sue or be sued without

---

[27] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

[28] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

[29] *Snider v. Burton*, No. 15-1043-JTM, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).

[30] *Id*. (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

[31] *See Estate of Smart ex rel. Smart v. City of Wichita, et al.*, No. 2:14-CV-2111-EFM-JPO, 2014 WL 3734193, at *1 (D. Kan July 29, 2014).

authorization by a specific statute."[32] Tenth Circuit courts have previously held city police departments are subunits of city government, thus, are not governmental entities subject to suit.[33] As such, the undersigned recommends dismissal of all claims against the Wichita Police Department.

The Court also considers the claims against Defendant Nicholson and Kevin Kochenderfer. Other than identifying these individuals as retired captains of the Wichita Police Department, Plaintiff does not make any factual allegations against them.[34] The undersigned also recommends dismissal of all claims against Defendants Nicholson and Kochenderfer.

The Court now turns to the claims against the remaining individual Defendants.

### i.   42 U.S.C. § 1981

42 U.S.C. § 1981 guarantees equality of rights between minority races and white citizens for making and performing contracts.[35] The Court has painstakingly examined Plaintiff's Second Amended Complaint but can find no allegation Defendants have deprived her of the ability to make and enforce contracts. Further, in order to state a cause of action under Section 1981, Plaintiff must prove, "intentional discrimination on the basis of race."[36] While Plaintiff states she is African-American, she does not allege any facts that

---

[32] *See Hopkins v. State of Kansas*, 237 Kan. 601, 702 P.2d 311, 316 (1985); *Mason v. 26 Judicial District of Kansas*, 670 F.Supp. 1528, 1535 (D.Kan.1987).
[33] *See Whayne v. Kansas*, 980 F.Supp. 387, 397 (D.Kan.1997).
[34] *Id.*
[35] 42 U.S.C. § 1981; *see also Weems v. Kansas Masonic Home*, No. 19-1046—EFM-TJJ, 2019 WL 3066457, at *2 (D. Kan. July 12, 2019).
[36] *See General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 387–88, 102 S.Ct. 3141, 3148–49, 73 L.Ed.2d 835 (1982).

would allow this Court to make any inference that the Defendants intentionally discriminated against her because of her race. The undersigned recommends Plaintiff's § 1981claims against all individual Defendants be dismissed.

<blockquote>

ii.    **42 U.S.C. § 1983**

</blockquote>

42 U.S.C. § 1983 ("§ 1983") is the statute providing a remedy for constitutional violations committed by state officials.[37] Plaintiff's Complaint brings her § 1983 claim alleging violations of the First, Fourth, Fifth and Fourteenth Amendments. But liability attaches only to those individuals "acting under color of law."[38]  To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of United States and must show the alleged deprivation was committed by persons acting under color of state law.[39] A defendant in a § 1983 suit acts under color of state law when a position given by the state is abused.[40]

Plaintiff alleges Defendants refused to investigate criminal complaints, and Defendants Layton and Bezruki, specifically, lied and "took action to protect and/or conceal incidents."  Plaintiff avers Defendant Shourbaji refused to investigate Plaintiff's criminal complaints. Similarly, Plaintiff alleges Defendant Hicks refused to arrest an individual who was violating an order of protection.

Plaintiff does not give the Court any dates for these alleged incidents, does not allege how these actions are constitutional violations, does not describe what alleged "incidents"

---

[37] *Hall* at 1110; *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1447 (10th Cir. 1995).
[38] *Id.*
[39] *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2550 (1988).
[40] *Id.* at 50.

were concealed, and provides merely conclusory statements, with no factual support to state a claim. Despite proceeding *pro se,* these allegations do not meet the requirements of Fed. R. Civ. P. 8(a). With regard to these allegations, Plaintiff alleges nothing more than labels and conclusions and the claims do not raise the right to relief beyond a speculative level. As such, the undersigned recommends the § 1983 claims against Defendants Layton, Bezruki, Shourbaji, and Hicks be dismissed.

Plaintiff gives a bit more information with regard to Defendant Perez, alleging he "wrongfully" pulled her over during the summer of 2022, which led to Plaintiff's arrest on a probation violation. Plaintiff's Second Amended Complaint offers no facts as to what makes the traffic stop "wrongful" or the eventual outcome of the alleged probation violation. During the March 1, 2023, show cause hearing, Plaintiff represented to the Court that Defendant Perez pulled her over for allegedly not stopping at a stop sign, which Plaintiff denied. Plaintiff does not allege she was pulled over due to her race, and the Court cannot discern from her Second Amended Complaint why Plaintiff alleges the traffic stop was "wrongful" or unconstitutional. Again, Plaintiff only makes a general allegation of wrongful conduct which does not meet the requirement of Fed. R. Civ. P. 8(a). Therefore, the undersigned recommends the § 1983 claims against Defendant Perez be dismissed.

### iii.    42 U.S.C. § 1985

Plaintiff must allege a conspiracy to bring a claim pursuant to 42 U.S.C. § 1985.[41] Under § 1985 Plaintiff must allege Defendants conspired to: 1) prevent an officer from

---

[41] 42 U.S.C. § 1985.

performing duties; 2) obstruct justice, intimidate a party, witness, or juror; or 3) deprive her of rights or privileges.[42] Plaintiff alleges the Defendants conspired to have her parental rights withheld or terminated.[43] Due to this sole conspiracy allegation in the Second Amended Complaint and despite Plaintiff not specifying what provision of § 1985 she invokes, the Court analyzes her claim under § 1985(3). Plaintiff's Second Amended Complaint does not allege any facts that would allow this Court to draw an inference Plaintiff intends to bring her case under any other provision of § 1985.

Section 1985(3) prohibits conspiracies "motivated by some racial, or perhaps other class-based, invidiously discriminatory animus" to deprive someone of their rights or privileges.[44]  Plaintiff does not provide the Court with any factual allegations that allows it to deduce any alleged conspiracy claim was motivated by a racial or other class-based animus.  Further, Plaintiff does not aver any underlying facts that support her general, conclusory statement that the Defendants conspired against her to withhold or cause the termination of her parental rights, as required by Fed. R. Civ. P. 8(a).  As such, Plaintiff does not state a viable claim under 42 U.S.C. § 1985, and the undersigned recommends dismissal.

### iv.    State law claims

Plaintiff asks the Court to exercise supplemental jurisdiction over her state law claims of 1) defamation; 2) outrageous conduct; 3) civil conspiracy; 4) tortious interference

---

[42] *Id.*
[43] ECF No. 12.
[44] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993) (internal quotations omitted).

with employment; and, 5) violation of Sections 1, 3, and 11 of the Bill of Rights to the Kansas Constitution.  For the reasons set forth below, the undersigned recommends the state law claims be dismissed.

### a.  Defamation

"The elements of defamation include false and defamatory words, communicated to a third person, which result in harm to the reputation of the person defamed."[45]  The damage to plaintiff's reputation is the essence of a claim for defamation.[46] Plaintiff only makes a general statement that the Defendants defamed her; she does not provide facts alleging any false or defamatory words communicated by Defendants to any third person and, further, does not describe how the alleged defamatory words harmed her reputation. To the contrary, Plaintiff does not allege any damage to her reputation at all.  Plaintiff does not meet the basic requirements of Fed. R. Civ. P. 8(a), which requires her to provide factual allegations enough to raise a right to relief above the speculative level.

### b.  Outrage

With regard to her claim of outrage, the Court does not find Plaintiff sets forth a viable claim. There are two threshold requirements a court must find to determine whether Plaintiff states a claim:  1) the defendant's conduct must be "so outrageous in character and so extreme in degree as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society;" and, 2) the emotional distress suffered by the plaintiff must be "of such extreme degree the law must intervene because the distress

---

[45] *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 276, 50 P.3d 495 (2002).
[46] *Gobin v. Globe Publishing Co.,* 232 Kan. 1, 6, 649 P.2d 1239 (1982).

inflicted was so severe that no reasonable person should be expected to endure it."[47] These are challenging requirements to meet.   Many outrage cases brought in Kansas have generally found the conduct was insufficiently outrageous to support a claim.[48] The Court does not find Plaintiff's allegations in this context of refusing to investigate criminal complaints, taking action to protect and/or conceal "incidents," declining to arrest an individual, or being "wrongfully" pulled over, at least as generally alleged by Plaintiff, are acts so outrageous in character and so extreme in degree as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. Further, Plaintiff does not allege she suffered emotional distress due to the acts of Defendants, let alone the emotional distress of such extreme degree that no reasonable person should be expected to endure it.

---

[47] *Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman*, 267 Kan. 245, 257, 978 P.2d 922 (1999).

[48] *See Lindemuth v. Goodyear Tire & Rubber Co.*, 19 Kan. App. 2d 95, 100-01, 864 P.2d 744 (1993); *see Moore v. State Bank of Burden*, 240 Kan. 382, 388, 729 P.2d 1205 (1986) (no outrage claim when bank erroneously set off funds against legitimate indebtedness owed to bank); *Burgess v. Perdue*, 239 Kan. 473, 475–77, 721 P.2d 239 (1986) (no outrage claim when doctor phoned mother after son's death to tell her she " 'had her son's brain in a jar' "); *Neufeldt v. L.R. Foy Constr. Co.*, 236 Kan. 664, 668–69, 693 P.2d 1194 (1985) (no outrage claim by wife recovering from miscarriage who was falsely told arrest warrant had been issued for her husband); *Roberts v. Saylor*, 230 Kan. 289, 295, 637 P.2d 1175 (1981) (no outrage claim when doctor expressed dislike for patient before patient underwent surgery); *Ely v. Hitchcock,* 30 Kan. App. 2d 1276, 1289, 58 P.3d 116 (2002) (no outrage claim when funeral director allowed plaintiff to view mother's body with cut to her forehead and blood on her face and hair); *Henderson v. Ripperger*, 3 Kan. App. 2d 303, 305-06, 594 P.2d 251 (1979) (no outrage claim when waitress falsely accused patron of leaving without paying in front of other customers). *But see Gomez v. Hug*, 7 Kan. App. 2d 603, 609-11, 645 P.2d 916 (1982) (issue of material fact existed on outrage claim regarding employer's constant, targeted verbal abuse using racial slurs and threatening violence over several days).

**c.**   Civil conspiracy

Next, the Court examines Plaintiff's state claim for civil conspiracy. Kansas recognizes a claim for civil conspiracy, which requires: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and, (5) damages as the proximate result thereof."[49] Nowhere in the Second Amended Complaint does Plaintiff allege facts to support a claim of civil conspiracy.  She alleges the individual Defendants took certain actions, but not that they took those actions in agreement, with a meeting of the minds, in order to reach a certain object or goal.[50] Further, from an in-depth review of the Second Amended Complaint, the Court cannot draw an inference regarding what the agreed upon object or goal might be or what, if any, Plaintiff alleges to be Defendants' overt, unlawful acts.

**d.**   Tortious interference with employment

Plaintiff also makes a claim for tortious interference with employment.  Kansas does not recognize a claim for tortious interference with an at-will employment relationship.[51] Kansas does recognize a claim for tortious interference with an employment contract.[52] The elements necessary to sustain such a claim are:  "(1) the existence of a contract between the plaintiff and a third party; (2) the wrongdoer's knowledge thereof; (3) his or her intentional procurement of its breach; (4) the absence of justification; and (5) resulting

---

[49]  *Citizens State Bank v. Gilmore*, 226 Kan. at 662, 603 P.2d 605. Syl. ¶ 7.
[50] ECF No. 12.
[51] *See Cooper v. The Home Depot, et al.*, No. 11-1006, 2011 WL 2470357, at *8 (D. Kan. June 20, 2011).
[52] *Id*. at *7.

damage to the plaintiff."[53]   One of the essential elements to recover under a tortious interference with an employment contract is the existence of a contract between the plaintiff and a third party.[54] Plaintiff never alleges she was employed, let alone had a contract for employment in effect.[55] Without this crucial element, Plaintiff fails to state a claim for tortious interference with an employment contract.

### e.      Kansas Bill of Rights

Finally, Plaintiff claims damages for violations of the Kansas Bill of Rights, §§ 1, 3, and 11.  Plaintiff's reliance here is also misplaced, as "Section 1983 does not ... provide a basis for redressing violations of state law, but only for those violations of federal law done under color of state law."[56]

The Court also notes the state court claims should be dismissed because, if the federal claims are subject to dismissal, there are no substantial grounds for retaining supplemental jurisdiction. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[57]   In this case, Plaintiff has not set forth any reason for this Court to conclude the present case should be an exception to this general rule.

---

[53] *Id.*

[54] *Id., citing Brown Mackie Coll. v. Graham,* 768 F.Supp. 1457, 1460 (D.Kan.1991), *aff'd*, 981 F.2d 1149 (10th Cir.1992).

[55] ECF No. 12.

[56] *Jones v. City and County of Denver*, 854 F.2d 1206, 1209 (10th Cir.1988) (*quoting Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

[57] *See Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998).

IV.     Conclusion

After careful consideration of Plaintiff's Second Amended Complaint, being aware Plaintiff proceeds *pro se*, and affording Plaintiff the opportunity to appear and assist the Court in understanding her claims, the undersigned determines the Second Amended Complaint is insufficient. By failing to adequately plead, Plaintiff fails to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3, *sealed*)** is **GRANTED**.  Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending review of this Report and Recommendation.[58]

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** for failing to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[59]

---

[58] *See Webb. v. Vratil,* No. 12-2588-EFM, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e) and jurisdictional review).

[59] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of April 2023.


s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. MAGISTRATE JUDGE